UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHON OLIVENTA WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>L. BIRD, et al.,<br><br>    Defendants. | No. 2:21-cv-00657-CKD P<br><br><u>ORDER AND</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

By order dated July 8, 2021, the court dismissed plaintiff's complaint for failing to state a claim, but granted him leave to file an amended complaint. ECF No. 10. Plaintiff filed a first amended complaint which is now before the court for screening.

**I.    Screening Requirement**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

1

immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

## II. Allegations in the Complaint

Although the amended petition was filed on a habeas corpus form, plaintiff indicates that this is because he does not have the appropriate § 1983 form.  ECF No. 14 at 1.  However, just as in the original complaint, plaintiff seeks his earlier release from prison based on California Penal Code § 1170(d) which is only available by filing a habeas corpus petition.  See ECF No. 10 at 3 (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)).  In the amended complaint, plaintiff identifies all the rehabilitative efforts he has made which support recalling his sentence and releasing him early.

## III. Analysis

As described in the court's prior screening order, plaintiff's claims for relief are not cognizable in the present civil rights action because he is seeking his immediate or speedier release from prison which is only appropriate in a habeas corpus petition.  For this reason, the undersigned recommends dismissing plaintiff's first amended complaint.

Once the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted).  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.

It appears to the court that amendment of this case would be futile because the claims are not cognizable in the present civil rights action.  Therefore, the undersigned recommends that the amended complaint be dismissed without further leave to amend.  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### IV. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your first amended complaint and determined that the claims are not cognizable in a civil rights action. It is recommended that your complaint be dismissed because these problems are not fixable.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct outcome in your case. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned your case will then review the case and make the final decision in this matter.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's first amended complaint be dismissed without leave to amend; and,
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 8, 2021

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/will0657.F&R.fac.docx